UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY D. NICHOLSON, | ) |
| | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | )   **Case No. 3:11-cv-0355** |
| | )   **Judge Trauger** |
| v. | ) |
| | ) |
| CITY OF CLARKSVILLE, | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM AND ORDER

Pending before the court is the defendant's Motion for Partial Judgment on the Pleadings and to Stay Discovery (Docket No. 12), to which the plaintiff has responded (Docket No. 19), and the defendant has filed a reply (Docket No. 22). For the reasons discussed herein, the defendant's motion will be granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, an African American male, was employed by the defendant, City of Clarksville, as a maintenance worker within the city's Department of Parks and Recreation from December of 2004 until his termination sometime in 2011. (Docket No. 10, at 2.) From 2007 to 2009, the plaintiff alleges that he experienced several incidents of racial discrimination during the course of his employment.

For instance, the defendant allegedly denied the plaintiff promotions on a number of occasions and instead chose white employees who were less qualified than the plaintiff or as qualified as the plaintiff. (Docket No. 10, at 2.) The plaintiff alleges that in 2007, after

1

complaining that the department discriminated against him when it did not consider him for certain job openings, a supervisor responded that he would not waste his time interviewing the plaintiff for the openings and that he would not promote the plaintiff. (*Id*. at 2-3.) During this time period, the defendant hired a white male as an M2, a position the plaintiff alleges he was eligible to hold. (*Id*. at 3.) In 2008, the plaintiff alleges that he applied for a promotion to an M2 position, was interviewed by a white employee, and passed over in favor of another white applicant who was less-qualified than the plaintiff. (*Id*. at 4.) Later, in 2009, the plaintiff alleges that he unsuccessfully applied for two different jobs within the department. (*Id*.) He alleges that he was as qualified or more qualified than the white employees who were promoted to each position. (*Id*.) After complaining about not being promoted, the plaintiff alleges that the department director told him that he would never be promoted and that he should just give up. (*Id*.)

The plaintiff also alleges that he experienced other discriminatory incidents between 2007 and 2009. He alleges that, in 2007, a white employee escaped discipline after cussing the plaintiff in front of a work crew, whereas the plaintiff was disciplined after he complained about the altercation. (Docket No. 10, at 3.) On one occasion during 2007, a work crew was segregated by race when it was sent to one of the local parks for maintenance work. (*Id*.) After reporting this incident to his supervisor, the plaintiff was allegedly told to "mind his own business." (*Id*.) Also in 2007, a white employee allegedly uttered racially derogatory words in front of the plaintiff. (*Id*.) The plaintiff alleges that, in November 2008, he saw a noose hanging in a tree at a local park. (*Id*. at 4.) One month prior to that incident, he observed a noose hanging from the rear view mirror of a truck parked at the city maintenance department. (*Id*.) Later, in

January of 2009, the plaintiff alleges that he was reassigned to work at a different location at the request of a white employee who cussed at the plaintiff and called him "boy" while they worked together. (*Id.*)

In addition to these acts, the plaintiff alleges that he witnessed instances of discrimination toward other African American employees. For example, in 2007, the plaintiff witnessed a white employee cuss at an African American employee in front of other department staff. (Docket No. 10 at 3.) No disciplinary action was taken against the white employee for his conduct. (*Id.*) Also during that year, the plaintiff heard white employees utter racially derogatory words in the presence of, and toward, African American employees. (*Id.*) In 2008, the plaintiff witnessed a white employee kick an African American employee "in the butt" in front of a supervisor and other employees. (*Id*. at 4.) After seeing the event, the supervisor allegedly laughed and ridiculed the African American employee. (*Id.*)

The plaintiff brings this action alleging that the defendant discriminated against him on account of his race and retaliated after he complained about discriminatory treatment with respect to promotions and job assignments. (Docket No. 10, at 5.) He also alleges that the defendant subjected him to a hostile work environment. (*Id.*) The plaintiff has accordingly asserted claims under 42 U.S.C. §§ 1981 and 1983[1], Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

---

[1] There is a discrepancy in the Amended Complaint as to whether the plaintiff is asserting a claim under 42 U.S.C. §§ 1981 and 1983, or § 1981 alone. One page 1, the plaintiff alleges violations of both §§ 1981 and 1983, while on page 5 he alleges a violation of only § 1981 as Count One. (Docket No. 10, at 5.) However, in his opposition to the defendant's motion for partial judgment on the pleadings, the plaintiff notes that he is, in fact, bringing a claim as well under § 1983. (Docket No. 19, at 2.)

*et seq.*, and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.* (2011).

## ANALYSIS

**I.  Standard of Review**

The defendant filed the present motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The court is to analyze such a motion as a typical motion for failure to state a claim, which is often brought under Federal Rule of Civil Procedure 12(b)(6). *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To establish the "facial plausibility" required to "unlock the doors of

discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)

## II. The Defendant's Motion

The defendant moves to dismiss the plaintiff's claims under 42 U.S.C. § 1983 and the THRA. It also moves to dismiss the plaintiff's Title VII claims as to certain allegations in the Amended Complaint. In addition, the defendant seeks an order from the court staying discovery in this case pending the resolution of the present motion.

### A. 42 U.S.C. § 1983

The defendant contends that the plaintiff's § 1983 claim is time-barred because no alleged discriminatory act occurred within the applicable statute of limitations. When an action is "brought under § 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is applied." *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986) (citing *Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). Under Tennessee law, that statute of limitations is one year. *See id.*; Tenn. Code Ann. § 28-3-104(a) (2000).

Having reviewed the allegations of the plaintiff's Amended Complaint, the court finds that the plaintiff's § 1983 claim is barred under the one-year statute of limitations. According to the Amended Complaint, the defendant's last discriminatory act occurred sometime in 2009, when it denied the plaintiff promotions on two separate occasions in favor of white employees who were as qualified or less qualified than he was. (Docket No. 10, at 4.) However, because

5

the plaintiff filed his Complaint in this action on April 13, 2011 (Docket No. 1), the defendant's last discriminatory act falls outside the one-year statute of limitations.

The plaintiff unsuccessfully argues that his § 1983 claim is timely under a continuing violation theory, because the defendant created a hostile work environment. The Sixth Circuit Court of Appeals has recognized two "narrowly limited" categories of cases under which "the continuing-violation doctrine allows plaintiffs to recover for injuries that occurred beyond the limitations period." *Baar v. Jefferson Cnty. Bd. of Educ.*, 311 Fed.Appx. 817, 823-24 (6th Cir. 2009). "The first category arises when the plaintiff alleges a prior discriminatory activity that continues into the present, a good example of which is a hostile-work environment claim that is based on the cumulative effect of individual acts, and that manifests itself over time, not at any one moment." *Id*. at 824 (internal citations and quotation marks omitted). "The second category of continuing violation arises where there has occurred a long-standing and demonstrable policy of discrimination." *Sharpe v. Cureton*, 319 F.3d 259, 266-67 (6th Cir. 2003) (internal quotation marks omitted).

The plaintiff essentially contends that his § 1983 hostile work environment claim falls within the first category. In *Nat'l R.R. Passenger Corp. v. Morgan*, the Supreme Court analyzed the continuing violation doctrine in the Title VII context and concluded that, so long as an act contributing to a hostile work environment claim "occurs *within* the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (emphasis added). The Sixth Circuit has held that *Morgan's* analysis of the continuing violation doctrine is equally applicable to § 1983 claims. *Sharpe*, 319 F.3d at 267. In the present case, however, the

6

Amended Complaint is devoid of any allegation of discriminatory conduct occurring within the applicable one-year limitations period. Accordingly, the plaintiff's § 1983 claim is time-barred and will be dismissed.

    **B.    THRA**

The defendant similarly argues that the plaintiff's THRA claim is barred under the applicable statute of limitations. An action brought under the THRA must be filed within one year "after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d) (2011). Here, again, the defendant's last alleged discriminatory act occurred sometime in 2009. (Docket No. 10, at 4.) Yet, the plaintiff filed his Complaint more than one year later, on April 13, 2011. Thus, the plaintiff's THRA claim is time-barred.

Likewise, the plaintiff's attempt to persuade the court that his claim is timely under a continuing violation theory is unavailing. In Tennessee, "[t]he doctrine of continuing violations provides that a plaintiff may be granted relief for a time-barred act by linking a series of related acts, one or more of which falls *within* the limitations period." *Frazier v. Heritage Fed. Bank for Sav.*, 955 S.W.2d 633, 637 (Tenn. Ct. App. 1997) (emphasis added). In his opposition brief, the plaintiff recognizes the one year statute of limitations for THRA claims but asserts that, "[f]or purposes of computing the applicable period of time, it is important to note that [p]laintiff's claim for racial discrimination is also under a 'hostile working environment theory.'" (Docket No. 19, at 4.) However, the Sixth Circuit rejected this precise argument when analyzing hostile work environment claims under the THRA, where, as here, the plaintiff failed to allege a single instance of discriminatory conduct that occurred within the one year limitations period. *Jones v. City of Franklin*, 309 Fed.Appx. 938, 944 (6th Cir. 2009). Because no alleged discriminatory

7

conduct occurred within the one year limitations period, the plaintiff's THRA claim shall be dismissed.

### C. Title VII

The defendant initially moved the court to dismiss all factual allegations in the Amended Complaint, except those appearing in paragraphs 21 and 22, because the plaintiff failed to exhaust his administrative remedies.[2] However, after the plaintiff filed his opposition brief, the defendant conceded that the plaintiff exhausted most of his discrimination claims.[3] As to these conceded claims, the court will deny the defendant's motion for partial judgment on the pleadings.

The defendant now moves the court to dismiss the allegations in the Amended Complaint concerning the denials of promotion in 2007 and 2008 because they are time-barred. The

---

[2] In particular, the defendant argued that it was only aware of one right-to-sue letter received by the plaintiff from the Equal Employment Opportunity Commission ("EEOC") and that the charge associated with that letter alleged a failure to promote claim. It then asserted that only two allegations in the Amended Complaint corresponded to that charge, paragraphs 21 and 22, both concerning denials of promotion that occurred in 2009. The defendant argued that all other factual allegations of discriminatory conduct in the Amended Complaint, including those concerning denials of promotion in 2007 and 2008, should therefore be dismissed.

[3] In his opposition, the plaintiff attached all three of his EEOC charges of discrimination and argued that all of his claims were timely because he was pursuing a hostile work environment theory. In its reply, the defendant only argued that the plaintiff's pre-2009 denial of promotion claims were time-barred and did not otherwise respond to the plaintiff's argument. In addition, while the plaintiff admitted in his opposition that he has yet to receive a right-to-sue letter from the EEOC concerning his most recent charge alleging a hostile work environment and retaliation, the defendant did not address this issue at all in its reply and appears to have waived that deficiency.

Therefore, the court will assume, for purposes of this motion, that the defendant has conceded that the plaintiff has, with the exception of the pre-2009 denials of promotion, exhausted his administrative remedies with respect to his discrimination, hostile work environment, and retaliation claims. Accordingly, the court will only address whether the plaintiff's pre-2009 denial of promotion claims are time-barred.

plaintiff argues that these denial of promotion claims are timely, because he is pursuing a hostile work environment theory. In its reply, the defendant asserts that the denials of promotion in 2007 and 2008 cannot support the plaintiff's hostile work environment theory, because each failure to promote was a discrete act that is now time-barred.

A charge filed with the Equal Employment Opportunity Commission ("EEOC") is only timely if it is filed within either 180 or 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The 300-day period applies if the plaintiff "initially instituted proceedings with a State or local agency." *Id*. As the Supreme Court has recently explained, "[a] discrete ... discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it." *Morgan*, 536 U.S. at 110. This is true even if previous discrete acts relate to a discrete act that is the subject of a timely EEOC charge. *Id*. at 113. An employer's failure to promote an employee is a discrete act. *Id*. at 114.

In the Amended Complaint, the plaintiff alleges two instances where he was denied promotions prior to 2009. The first occurred sometime in 2007, when he was not interviewed for an M2 position that was given to a white male who was as qualified as the plaintiff or less qualified than the plaintiff. The second occurred sometime during 2008, where again, he was passed over for promotion to the M2 position in favor of a white applicant who was allegedly less qualified than the plaintiff. Charge No. 494-2010-01058, filed on March 24, 2010, encompasses discriminatory conduct occurring between November 1, 2009, and February 28, 2010, and is the only charge in which the plaintiff alleges a failure to promote claim.[4] Therefore,

---

[4] Although it is generally the case that the court does not consider matters outside of the pleadings when ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, *Weiner v. Klais & Co.*,

the plaintiff could only recover for denials of promotion that happened within 300 days of March 24, 2010.[5] Because the 2007 and 2008 denials of promotion necessarily occurred outside the statutory period, these claims are time-barred. Accordingly, the plaintiff's 2007 and 2008 failure to promote claims will be dismissed.

**D. Motion to Stay Discovery**

The defendant also moves the court for an order staying discovery pending resolution of the present motion for partial judgment on the pleadings. Although the court has ruled on the motion for partial judgment on the pleadings, it is clear from the record that the plaintiff is trying to obtain a right to sue letter from the EEOC regarding his most recent charge of discrimination alleging a hostile work environment and retaliation.[6] Accordingly, the court will grant the defendant's motion to stay discovery pending the plaintiff's receipt of a right-to-sue letter from the EEOC regarding his most recent charge of discrimination.

## CONCLUSION

---

108 F.3d 86, 88-89 (6th Cir. 1997), a court may "consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz*, 534 U.S. 506. An EEOC charge is a public record. *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002); *Rhea v. Dollar Tree Stores, Inc.*, 395 F.Supp.2d 696, 703 (W.D. Tenn. 2005).

[5] Based on the information contained in Charge 1058, it appears as though the plaintiff initially instituted proceedings with the Tennessee Human Rights Commission. (*See* Docket No. 13, Ex. A.)

[6] Exhibit C to the plaintiff's opposition brief contains an August 5, 2011 letter from the EEOC notifying the plaintiff that his request for a right-to-sue letter regarding his most recent charge of discrimination was forwarded to the U.S. Department of Justice for action. (Docket No. 19, Ex. C.)

Based on the foregoing, the defendant's Motion for Partial Judgment on the Pleadings and to Stay Discovery (Docket No. 12) is **GRANTED** in part and **DENIED** in part. The defendant's motion for partial judgment on the pleadings as to the plaintiff's claims under 42 U.S.C. § 1983 and the THRA is **GRANTED**. Moreover, the defendant's motion for partial judgment on the pleadings as to the plaintiff's 2007 and 2008 failure to promote claims brought under Title VII is also **GRANTED**. The defendant's motion for partial judgment on the pleadings as to the remainder of the plaintiff's Title VII claims is **DENIED**. In addition, the defendant's motion to stay discovery is **GRANTED**. Discovery will be stayed pending the plaintiff's receipt of a right-to-sue letter from the EEOC regarding his most recent charge of discrimination.

It is so ordered.

_____
ALETA A. TRAUGER
United States District Judge